O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ZANDRIA PERKINS MORRIS O/B/O T.M., | ) ) ) | CASE NO. SA CV 08-01083 (RZ) |
| Plaintiff, | ) ) | MEMORANDUM OPINION AND ORDER |
| vs. | ) ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

The Court remanded this matter once before, so that the Administrative Law Judge could consider the lay testimony of Plaintiff, the mother of the applicant, in accordance with *Stout v. Commissioner*, 454 F.3d 1050 (9th Cir. 2006). Plaintiff now returns to this Court after a further denial of the application for Supplemental Security Income, but now does not challenge the Administrative Law Judge's consideration of Plaintiff's mother's testimony. Instead, Plaintiff now makes two different arguments.

First, Plaintiff argues that the Administrative Law Judge did not address the report of a psychiatrist that said that Plaintiff's child had limited insight and judgment, and that assigned her a rating of 46 on the American Psychiatric Association's Global Assessment of Functioning Scale. The document specifically referred to, appearing at page 802 of the Administrative Record, is difficult to read, but it appears as if the Administrative

Law Judge did, in fact consider it, for he discussed the later-received medical records which included this one. [AR 338] Thereafter, he proceeded to discuss the medical evidence, and whether Plaintiff 's child was functionally disabled. [AR 338-44] This discussion fulfilled his obligation. 20 C.F.R. § 416.926a.

It is true that the Administrative Law Judge did not mention specifically the GAF score. However, while the GAF score is relevant, it is a summary measure, and the Administrative Law Judge discussed at length the kinds of behaviors Plaintiff's child exhibited, and whether she met the functional limitations required for a finding of child disability. Plaintiff cites no case law that requires that an administrative law judge specifically discuss a GAF under similar circumstances.

Second, Plaintiff claims that the Administrative Law Judge failed to develop the record, because he did not follow up on Plaintiff's recent testimony about trips to the emergency room and heart problems. An administrative law judge has an obligation to develop the record further only if the record is ambiguous or a decision cannot be made on the basis of the current record. *Mayes v. Massanari*, 276 F.3d 453,459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). That was not the case here. Plaintiff gave no indication of where or when the visits to the hospital occurred, even though she was represented by counsel at the hearing, and in this Court Plaintiff still gives no indication of how any further record development would alter the Administrative Law Judge's decision. The record was sufficient for the Administrative Law Judge to make his decision.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: July 1, 2009

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE